O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL MOORE, SR., | ) | Case No. CV 13-02422 DDP (JCGx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANTS'** |
| v. | ) | **MOTIONS TO DISMISS** |
| | ) | |
| STATE OF CALIFORNIA; STATE | ) | |
| OF CALIFORNIA SUPERIOR COURT | ) | |
| JUDGES; STATE OF CALIFORNIA | ) | [Dkt. Nos. 10 & 12] |
| SUPREME COURT; THE STATE | ) | |
| CHARTED AGENCY-THE HOUSING | ) | |
| AUTHORITY OF THE CITY OF LOS | ) | |
| ANGELES; STATE OF CALIFORNIA | ) | |
| JUDICIAL COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court are Defendants' Motions to Dismiss Plaintiff's First Amended Complaint.  Having considered the submissions of the parties, the court grants the Motions and adopts the following order.

**I.   Background**

Plaintiff, Darrell J. Moore, Sr., seeks a declaratory judgment that the California Court of Appeal Order declaring him a vexatious litigant is an "incorrect and wrongful application of the State

///

Statute." (First Amended Complaint ("FAC") ¶ 59.)  Plaintiff
further seeks to "enjoin the State of California from denying [his]
rights to due process," and to "[reinstate] his appeals." (<u>Id</u>.)
Plaintiff names the State of California, State of California
Superior Court Judges, the State Appellate Court, the State of
California Supreme Court, the State Chartered Agency the Housing
Authority of the City of Los Angeles ("HACLA"), the Commissioners
of the HACLA, and the State of California Judicial Commission as
Defendants.

Plaintiff has previously filed multiple lawsuits against
Defendants including his former employer, the HACLA. At the request
of the HACLA, the California Court of Appeal issued an order
declaring Plaintiff a vexatious litigant subject to the provisions
of the California Code of Civil Procedure ("CCP") Section 391.
(State's Request for Judicial Notice ("RJN"), Exh. A.) In the
order, the California Court of Appeal stated, "in the preceding
seven years, in this District alone, [Plaintiff] has prosecuted at
least five appeals and writ petitions pro se which have been
finally determined adversely to him." (<u>Id</u>.  at  2). The appellate
court denied Plaintiff's petition for rehearing. (State's RJN, Exh.
B.) The California Supreme Court denied Plaintiff leave to file a
petition for writ of mandate. (State's RJN, Exh. C.)

Plaintiff claims that the Court of Appeal illegally and
wrongfully used at least three non-final judgment interim matters
as litigations for purposes of declaring Plaintiff a vexatious
litigant. (FAC ¶¶ 21, 22.) Plaintiff further alleges that the HACLA
fraudulently led the court to miscalculate the required number of
///

1  litigations needed to declare him a vexatious litigant. (Id.)

2  Plaintiff argues that the five cases that were used to determine

3  that Plaintiff is a vexatious litigant (B205489, B208276, B208560,

4  B231379, and B333818) are "cases that were still pending, had not

5  been fully or finally determined, or were case numbers for writs

6  and or petitions born out of cases that ended in a final resolution

7  in favor of [Plaintiff]." (FAC ¶¶ 13, 18-21.) Plaintiff claims that

8  this miscalculation resulted in the violation of many

9  constitutional and statutory rights. (FAC ¶¶ 5, 44, 47-48).

10      Defendants move to dismiss Plaintiff's First Amended Complaint

11  under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

12  Specifically, the Defendants seek to dismiss on the grounds that

13  (1) Plaintiff's claims are barred by the Eleventh Amendment and (2)

14  federal jurisdiction to review and correct state court decisions is

15  barred by the Rooker-Feldman doctrine.

16  **II.  Legal Standard**

17      **A.    Lack of Subject Matter Jurisdiction Under Federal Rule of**

18          **Civil Procedure 12(b)(1)**

19      The district court must dismiss an action if the court lacks

20  jurisdiction over the subject matter of the suit.  See Fed. R. Civ.

21  P. 12(b)(1). The party seeking to invoke federal jurisdiction bears

22  the burden of establishing that jurisdiction exists. Scott v.

23  Breeland, 792 F.2d 925, 927 (9th Cir.1986). A complaint will be

24  dismissed under Rule 12(b)(1) for lack of subject matter

25  jurisdiction where a plaintiff's claim is barred by sovereign

26  immunity. See Porter ex rel. Porter v. Board of Trustees of

27  Manhatten Beach Unified School Dist., 123 F.Supp.2d 1187, 1194

28  ///

3

1  (C.D.Cal.2000)(reversed on other grounds); Wright, Miller & Cooper,

2  Federal Practice & Procedure: Civil § 1350 (3d ed.1998).

3      **B.   Failure to State a Claim Under Federal Rule of Civil**

4           **Procedure 12(b)(6)**

5      The district court may grant dismissal when a complaint fails

6  to state a claim upon which relief may be granted. <u>See</u> Fed. R. Civ.

7  P. 12(b)(6). A well-pleaded complaint must provide "enough facts to

8  state a claim to relief that is plausible on its face." <u>Bell</u>

9  <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544(2007). When considering a

10  motion to dismiss under Rule 12(b)(6), the Court must presume all

11  well-pleaded factual allegations of the complaint to be true.

12  <u>Syverson v. IBM Corp.</u>, 472 F.3d 1072, 1075 (9th Cir.2007).

13  However, the court need not presume as true allegations of law that

14  are conclusory, unwarranted deductions of fact, or unreasonable

15  inferences. <u>See</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979,

16  988(9th Cir. 2001).

17  **III. Discussion**

18      **A.   Plaintiff's Claims against the State of California**

19           **1.   Eleventh Amendment Bars Plaintiffs Claims against**

20                **the State of California**

21      The Eleventh Amendment immunizes states from suits brought by

22  their citizens in federal court without their consent. <u>Hans v.</u>

23  <u>Louisiana</u>, 134 U.S. 1(1890); U.S. Const. amend. XI. Waiver of

24  Eleventh Amendment immunity by a state will be found "only where

25  stated by the most express language or by such overwhelming

26  implication from the text as [will] leave no room for any other

27  reasonable construction." <u>Atascadero State Hosp. v. Scanion</u>, 473

28  ///

1    U.S. 34, 239-40(quoting <u>Edelman v. Jordan</u>, 415 U.S. 651, 673(1974))

2    (internal quotation marks omitted).

3        The present case is a classic example of a state's Eleventh

4    Amendment immunity. Plaintiff, a citizen of California, is bringing

5    suit against the State of California. The State of California does

6    not purport to waive its immunity. (State of California Motion to

7    Dismiss ("Cal. Motion") at 3.) Nor does Plaintiff claim that the

8    State has waived its immunity. (Plaintiffs Opposition to State of

9    California's Motion to Dismiss First Amended Complaint ("Cal.

10   Opposition") at 5). Plaintiff has failed to show why this Court has

11   jurisdiction over his claims against the State of California. Thus,

12   this court must dismiss all claims against the State of California

13   for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

14           **2.**   **The Rooker-Feldman Doctrine Bars Plaintiff's Claims**

15                   **against the State of California**

16       Under the Rooker-Feldman doctrine, jurisdiction to review

17   final state court judgments rests with the United States Supreme

18   Court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923);

19   <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th Cir. 2003).  District courts

20   do not have jurisdiction "over challenges to state court

21   decisions." <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S.

22   462, 486(1983); <u>see also </u>28 U.S.C. § 1257.  When a non-prevailing

23   plaintiff in state court seeks to set aside the judgment of the

24   state court in a federal district court, "the federal suit is a

25   forbidden de facto appeal." <u>Noel</u> 341 F.3d at 1156; <u>see also</u> <u>Carmona</u>

26   <u>v. Carmona</u>, 603 F.3d 1041, 1050 (9th Cir. 2008) (holding that

27   Rooker-Feldman bars suits by state-court losers "complaining of

28   ///

1  injuries caused by state-court judgments"). "To reverse or modify

2  the judgment of the state court because of such errors 'would be an

3  exercise of appellate jurisdiction' possessed only by the Supreme

4  Court." <u>Noel</u>, 341 F.3d at 1156 (quoting <u>Rooker</u>, 263 U.S. at 416).

5      In the present case, Plaintiff asserts that the California

6  state court decision to declare him a vexatious litigant is a legal

7  wrong and is seeking to set aside the state court judgment.

8  Plaintiff also asks the federal district court to reverse the

9  California Supreme Court's decision to deny Plaintiff leave to file

10 a petition for a writ of mandate. Plaintiff, a state-court loser,

11 discontented with the state-court judgments, is "seeking district

12 court review and rejection of those judgments." <u>Carmona</u>, at 1050.

13     In <u>Kougasian v. TMSL, Inc.</u>, the Ninth Circuit held that

14 Rooker-Feldman does not bar federal jurisdiction over claims

15 asserting that state-court judgments had been obtained by extrinsic

16 fraud upon the court. 359 F.3d 1136 (9th Cir. 2004). Rooker-Feldman

17 applies "only when the plaintiff both asserts as her injury legal

18 error or errors by the state court and seeks as her remedy relief

19 from the state court judgment." <u>Id.</u> at 1140. However, if a

20 plaintiff "asserts as a legal wrong an allegedly illegal act or

21 omission by an adverse party, Rooker-Feldman does not bar

22 jurisdiction." <u>Noel</u>, 341 F.3d 1148, 1164 (9th Cir. 2003).

23     Thus, if Plaintiff can state a claim for fraud on the court,

24 such claims are not barred by Rooker-Feldman. "A plaintiff alleging

25 extrinsic fraud on a state court is not alleging a legal error by

26 the state court; rather, he or she is alleging a wrongful act by

27 the adverse party." <u>Kougasian</u>, at 1140-41. Plaintiff is asserting a

28 ///

1   wrongful act, fraud upon the court, by an adverse party, the HACLA.

2   Thus, the district court is not deprived of subject matter

3   jurisdiction as to Plaintiffs claims against HACLA.

4           **2.   Plaintiff Fails to State a Claim for Fraud on the**

5               **Court**

6       A state court judgment may be set aside for fraud on the

7   court. <u>Pumphrey v. K.W. Thompson Tool Co.</u>, 62 F.3d 1128, 1130 (9th

8   Cir. 1995).  However, a claim of fraud on the court "should be read

9   narrowly, in the interest of preserving the finality of judgments."

10  <u>Toscano v. Comm'r</u>, 441 F.2d 930, 934 (9th Cir.1971). Plaintiffs

11  seeking relief from a judgment based on fraud on the court face a

12  high burden and must establish fraud upon the court by clear and

13  convincing evidence. <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452

14  F.3d 1097, 1104 (9th Cir. 2006). Plaintiff must establish that the

15  alleged fraud involved "an unconscionable plan or scheme which is

16  designed to improperly influence the court in its decision." <u>Abatti</u>

17  <u>v. Commissioner</u>, 859 F.2d 115, 118 (9th Cir.1988). <u>See also</u> <u>England</u>

18  <u>v. Doyle</u>, 281 F.2d 304, 309-10 (9th Cir. 1960) (to set aside a

19  judgment arising out of fraud on the court "it is necessary to show

20  an unconscionable plan or scheme which is designed to improperly

21  influence the court in its decision."). Fraud "connected with the

22  presentation of a case to a court" does not necessarily improperly

23  influence the judicial process. <u>United States v. Estate of</u>

24  <u>Stonehill</u>, 660 F.3d 415, 444 (9th Cir. 2011). Also, non-disclosure

25  by itself or a failure to produce evidence do not necessarily

26  constitute fraud on the court. <u>See</u> <u>In re Levander</u>, 180 F.3d 1114,

27  1119 (9th Cir. 1999); <u>Doyle</u>, 281 F.2d at 310 (9th Cir.1960).

28  ///

7

Plaintiff bears the burden of establishing that the alleged misconduct of the HACLA "affected the integrity of the judicial process," either because the court itself was defrauded or because the misconduct was perpetrated by officers of the court. <u>Alexander v. Robertson</u>, 882 F.2d 421, 424. <u>See also</u>  <u>In re Intermagnetics Am., Inc.</u>, 926 F.2d 912, 917 (9th Cir. 1991).  Moreover, Plaintiff must show that the fraud "harms the integrity of the judicial process, regardless of whether [Plaintiff] is prejudiced." <u>Dixon v. C.I.R.</u>, 316 F.3d 1041, 1046 (9th Cir. 2003); <u>see also</u> <u>Intermagnetics Am., Inc.</u>, 926 F.2d at 916 (9th Cir. 1991)(determining fraud on the court is focused not "in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process").

Here, Plaintiff fails to establish that the allege fraud involved an 'unconscionable plan or scheme' to improperly influence the court.  To be declared a vexatious litigant under CCP § 391, a person must have "commenced, prosecuted, or maintained in propria persona at least five litigations …that have been (i) finally determined adversely to the person" in the immediately preceding seven-year period. CCP §391(b)(1). The 'fraud' plaintiff alleges is the HACLA's presentation to the California Court of Appeal of interim matters and writs that were not finally determined adversely to him as the litigations to declare Plaintiff a vexatious litigant. Plaintiff claims that the HACLA intentionally used these cases to confuse the Court of Appeal into miscalculating

///

///

1  the required number of litigations needed to declare a plaintiff a

2  vexatious litigant.

3      However, fraud connected with the presentation of a case to a

4  court does not necessarily harm the judicial process. <u>Estate of</u>

5  <u>Stonehill</u>, 660 F.3d at 444. Non-disclosure of a case and non-

6  disclosure of the fact that a case may have been an interim case or

7  a case without final judgment does not constitute fraud on the

8  court. <u>See In re Levander</u> at 1119; <u>Doyle</u>, 281 F.2d at 310. The

9  records and case numbers are all a matter of public record easily

10 accessible by the state court, Plaintiff, and Defendant. Regardless

11 of what the HACLA presented to the court, a unanimous panel of the

12 California Court of Appeal and the California Supreme Court

13 determined that declaring Plaintiff a vexatious litigant was

14 warranted. It is clear that the HACLA did not contrive an

15 unconscionable plan in attempt to improperly obtain a favorable

16 ruling from the state court. No material fact was concealed from

17 the state court and the HACLA disclosed all that was necessary for

18 its motion to declare Plaintiff a vexatious litigant.

19     A claim of fraud upon the court must also show how the alleged

20 fraud harms the integrity of the judicial process. <u>Dixon</u>, 316 F.3d

21 at 146. Plaintiff fails to show that the alleged fraud harms the

22 integrity of the judicial process; rather, he focuses on how the

23 alleged fraud prejudices him. Throughout his complaint, Plaintiff

24 claims that Defendants' actions were done with intent to injure him

25 and to prevent him from asserting his legal rights. (FAC ¶ 47, 48,

26 51, 52, 55, 56.) Plaintiff alleges no facts to show that the HACLA

27 ///

28 ///

1  defiled, or attempted to defile, the state court so that it could

2  not perform in its usual manner. <u>Alexander</u>,882 F.2d at 424.

3        Thus, the court finds that Plaintiff has failed to state a

4  claim for fraud upon the court and that no relevant exception to

5  the Rooker-Feldman doctrine applies.  The action is therefore

6  barred by the Rooker-Feldman doctrine as improperly challenging a

7  state court judgment in federal court.

8  **IV.  Conclusion**

9        For these reasons, Defendants' motions to dismiss are GRANTED.

10 Plaintiff's Ex Parte Application for Extension of Time to File

11 (Dckt. No. 23) and Ex Parte Application for Leave to Amend the

12 Complaint (Dckt. No. 24) are VACATED as moot.

13

14 IT IS SO ORDERED.

15

16 Dated:  August 7, 2013

                                DEAN D. PREGERSON
17                              United States District Judge

18

19

20

21

22

23

24

25

26

27

28